OHIO CASUALTY
INSURANCE COMPANY

v.

The TRAVELERS INSURANCE COMPA-
NIES and Kenneth Woodcock, Sr. and
Edith Mae Woodcock, his wife and
Kenneth Woodcock, Jr.

No. Civ. A. 86–219 Erie.

United States District Court,
W.D. Pennsylvania.

Aug. 17, 1987.

James D. McDonald, Jr., Erie, Pa., for plaintiff.

Kevin W. Barron, Erie, Pa., for defendants Edith & Kenneth, Jr. Woodcock.

Roger H. Taft, Marcia Haller, MacDonald Illig Jones & Britton, Erie, Pa., for defendant Travelers Ins. Co.

David J. Mack, Erie, Pa., for defendant Kenneth Woodcock, Sr.

OPINION

GERALD J. WEBER, District Judge.

This declaratory judgment action is presently before us on cross motions for summary judgment. The motions are accompanied by briefs and voluminous evidentiary materials. Having reviewed these materials and afforded counsel on both sides an opportunity to present oral arguments, these motions are ready for our determination.

On July 28, 1985, Kenneth Woodcock, Sr., and his son Kenneth Woodcock, Jr. were injured in an auto accident. The vehicle which Kenneth Sr. was operating and in which Kenneth, Jr. was a passenger was owned by Eugenia E. Siple, and insured by plaintiff Ohio Casualty Insurance Company. Plaintiff contends that at the time of the accident, the Woodcocks were entitled to receive first party benefits under an automobile insurance policy issued by de-

fendant Travelers Insurance Companies to Kenneth Sr. and his wife Edith Mae Woodcock (hereinafter referred to as the "Woodcock policy"). Defendant however, maintains that the Woodcock policy was cancelled effective July 20, 1985 and that neither Kenneth Sr. or Jr. were entitled to any benefits from Travelers.

Plaintiff's Complaint seeks declaratory judgment and other relief against Travelers. Because this opinion covers the declaratory judgment issue, we find it unnecessary to consider other claims for relief.

In support of its motion for summary judgment, Plaintiff argues that Travelers failed to comply with the requirements of the Pennsylvania Automobile Insurance Cancellation Law, 40 P.S. § 1008.1 et seq. and/or the Pennsylvania Unfair Insurance Practices Act (UIPA), 40 P.S. § 1171.1 et seq.

In so far as plaintiff relies on the UIPA, we note that that act is inapplicable to the cancellation of motor vehicle insurance policies in light of the subsequent amendment of a specific statute, namely the Automobile Insurance Cancellation Law. In any event, the UIPA provides for administrative remedies as the exclusive means of relief for violations of the act. Such remedies have not been pursued by the plaintiff.

The only basis by which we can void the cancellation, therefore, is for violations of the Cancellation Law 40 P.S. § 1171.1 et seq. Plaintiff raises several such alleged violations. Contrary to Plaintiff's contensions, however, we find the evidence clear and unmistakable that Travelers did everything necessary under the Act to effectuate cancellation of the policy.

Aside from the statutory requirements, plaintiff also raises the doctrine of collateral estoppel. We find no set of circumstances here that would give rise to collateral estoppel.

Because we conclude that there exists no genuine issue of material fact that Travelers did effectively cancel the Woodcock Policy prior to the July 28 accident, plaintiff's motion for summary judgment will be denied, and defendant's motion for summary judgment will be granted.

An appropriate order will be entered.